# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 95 CR 37-1 | DATE | NOV. 22, 2000 |
| CASE TITLE | UNITED STATES OF AMERICA v. THOMAS KOLTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for declaration of compliance with restitution and for release to defendant of $3,750 being held by the Clerk of this Court [21] is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 4 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | NOV 2 4 2000 date docketed | 26 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/22/2000 date mailed notice | |
| CW | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | MQM mailing initials | |

FILED FOR DOCKETING  00 NOV 22 PM 5: 20

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 95 CR 37-1 |
| ) | |
| THOMAS KOLTER, ) | |
| ) | |
| Defendant. ) | |

DOCKETED
NOV 24 2000

## **MEMORANDUM OPINION AND ORDER**

In January 1995, defendant Thomas Kolter pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. On April 6, 1995, Kolter was sentenced to 30 months' custody to be followed by three years' supervised release. Besides a $50 special assessment, Kolter was ordered to pay $100,000 restitution to the Trustee for Creditors of Stotler and Company (the "Trustee"). The judgment order states: "The defendant shall make <u>his best efforts toward</u> restitution to the following persons in the following amounts." By agreement of the parties, the highlighted phrase was added to the standard language of the form judgment and conviction order. The judgment also provided that a schedule of payments was to be determined by the United States Attorney and/or United States Probation Officer during the period of supervised release. There is no dispute that Kolter satisfactorily completed his term of supervised release. Due to his financial situation, however, he only paid $3,750 into the

court for restitution. There is no contention that this was less than a best effort toward restitution. The funds have not yet been disbursed by the Clerk of the Court.

Before the court is defendant's motion for declaration of compliance with restitution and for other relief. Kolter contends that he paid more than $100,000 to the Trustee by abandoning any claim to his capital account at Stotler. Alternatively, he contends that all the Stotler creditors have been paid and therefore the $3,750 should not be transferred to the Trustee. He requests that the court enter an order stating in part that "defendant's restitution obligations under this Court's judgment of April 6, 1995 have been satisfied." Kolter represents that he seeks that order as part of his attempt to have his law license reinstated. Kolter also seeks an order returning the $3,750 to him. The government objects to both requests.

In his reply, Kolter concedes that he has not adequately shown that he has already provided $100,000 of value to the Trustee. For present purposes, he has abandoned that argument.[1] He instead focuses on his argument that all creditors have been paid. The only claim against the bankruptcy estate that is at issue is that of the Chicago Board of Trade ("CBOT"). In the bankruptcy proceeding, the CBOT filed a claim seeking indemnity for a fine it had to pay to the Commodity Futures Trading

---

[1] No opinion is expressed regarding whether, if proved, abandonment of Kolter's claim on the bankruptcy estate would constitute payment of the $100,000 restitution amount.

Commission ("CFTC") for the CBOT's alleged failure to exercise due diligence in monitoring Stotler and requiring Stotler to follow rules. The CBOT also sought indemnity of related attorney and consulting fees incurred during the CFTC administrative proceeding. According to Kolter, the Trustee initially opposed the CBOT's claim, but the parties settled by agreeing that the CBOT's claim would be allowed in full, but would have the lowest priority.[2] The CBOT was only entitled to be paid after every other creditor had been paid. All other creditors were paid and the CBOT received payment of a portion of its claim. According to the government, the bankruptcy case was closed in 1997, but reopened at least once so that additional funds could be received and then distributed to the CBOT. Kolter contends that the CBOT is not a true creditor and therefore his payments should not be forwarded to the Trustee for distribution to the CBOT.

Kolter was ordered to pay restitution to the Trustee. He did not appeal that order so it stands. Contrary to his contention, Fed. R. Crim. P. 35 provides no basis for presently contesting the amount of restitution.[3] The case has not been remanded, see id. 35(a); the government is not moving for a reduction and it is not within one year, see id. 35(b); and an arithmetical, technical, or clear error is not being corrected within 7 days, see id. 35(c). See United States v. Bremner, 1995

---

[2] For present purposes, the representations regarding the settlement will be assumed to be true.

[3] Kolter cites United States v. Braslawsky, 951 F.2d 149 (7th Cir. 1991), which makes no mention of Rule 35.

WL 669089 *1 (N.D. Ill. Nov. 7, 1995). Neither is this a clerical error correctable at any time pursuant to Fed. R. Crim. P. 36. Id. Additionally, since the term of supervised release has already expired, it is too late to modify restitution as part of a modification of supervised release. See 18 U.S.C. § 3583(e)(2); United States v. Lilly, 206 F.3d 756, 761-62 (2000). It also appears to be too late to bring a motion pursuant to 28 U.S.C. § 2255. A § 2255 motion may be brought within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." It has been well more than a year since the CBOT was the only remaining creditor to be paid by the Trustee.

It is too late to now raise the issue that it is inappropriate to require defendant to pay restitution to the CBOT because his wire fraud did not cause it any direct harm. Also, the bankruptcy court proceeding, not this criminal proceeding, would have been the appropriate forum for contesting the CBOT's claim against the Stotler estate.

In any event, Kolter is not being required to pay restitution to the CBOT; he is required to pay it to the bankruptcy estate of Stotler (which is the interest represented by the Trustee). Kolter does not dispute that his offense caused at least $100,000 in injury to Stotler.[4] Moreover, Kolter is not

---

[4] In the plea agreement, defendant admitted that, "if able," he should be ordered to pay $4,125,000 in restitution. However, the plea agreement contains no agreement as to who

being required to make payments specifically for the CBOT. Presumably, the Trustee accumulated funds from a number of sources and then distributed it to creditors. Funds from specific sources did not necessarily go to specific creditors. That additional payments at this time would mean additional disbursements will be made to the CBOT is not the same as Kolter making payments specifically for the CBOT. If Kolter had made the same payments prior to 1997, the CBOT also would have received additional funds from a general pool. Kolter is not being required to pay the CBOT. No order will be entered precluding a distribution of the $3,750 presently being held.

Neither will an order be entered stating that Kolter's restitution obligation has been satisfied. Plaintiff cites no authority for this court entering a declaratory judgment that supervised release or a restitution order has been satisfied. It will be stated in this opinion that Kolter has complied with the requirement to make a best effort to pay the restitution that was ordered. He satisfactorily completed his supervised release. Despite a good faith effort, however, he was unable to pay the $100,000 that was ordered. His failure to do so is not a violation of the court's judgment or the terms of his supervised release.

---

should receive restitution. There is no contention that 18 U.S.C. § 3663(a)(1)(A) (last sentence) applies.

IT IS THEREFORE ORDERED that defendant's motion for declaration of compliance with restitution and for release to defendant of $3,750 being held by the Clerk of this Court [21] is denied.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 22, 2000